FORM B10 (Official Form 10) (12/07)

| United States Bankruptcy Court Middle District of North Carolina | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Nathan Keith / Rosalyn Keith | Case Number: 11-81005 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): Vericrest Financial, Inc. | ☑ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>715 S. Metropolitan Ave.<br>Oklahoma City, OK 73108<br><br>Sarah D. Miranda<br>4317 Ramsey Street<br>PO Box 2505<br>Fayetteville, NC 28302<br>Telephone number: 405-951-1799 | Court Claim Number: 14<br>(If known)<br><br>Filed on: 08/19/2011 |
| Name and address where payment should be sent (if different from above):<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

1. **Amount of Claim as of Date Case Filed:** $ 21704.40

   If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

   If all or part of your claim is entitled to priority, complete item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

2. **Basis for Claim:** Money Loaned
   (See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** 5202

   3a. **Debtor may have scheduled account as:** _____
   (See instruction #3a)

4. **Secured Claim** (See instruction #4)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff: ☑ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe: _____
   Value of Property: $ 0.00   Annual Interest Rate: 11.60%

   Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ 1225.54   Basis for perfection: _____

   Amount of Secured Claim: $ 21704.40   Amount Unsecured: $ 0.00

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim.

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries, or commissions (up to $11,725*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).

   ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(6).

   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

   **Amount entitled to priority**
   $ _____

   *Amounts are subject to adjustment on 4/1/2013 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

| Date<br>8/25/2011 | Print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): s/ Sarah D. Miranda, Attorney |
|---|---|

FOR COURT USE ONLY

**FILED**
U.S. Bankruptcy Court
Middle District of NC

8/25/2011

Reid Wilcox, Clerk

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Case# 11-81005   Claim# 14-2   Desc Main Document   Filed 08/25/11   Page 1 of 1
Case 11-81005   Doc 26-1   Filed 09/29/11   Page 1 of 13



EXHIBIT A

B10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT Middle District of North Carolina | AMENDED PROOF OF CLAIM |
|---|---|
| Name of Debtor:<br>Nathan Edward Keith<br>NATHAN KEITH<br>Rosalyn Evette Keith | Case Number:<br>11-81005 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Vericrest Financial, Inc. | ☒ Check this box to indicate that this claim amends a previously filed claim.<br>Court Claim Number: 14 |
|---|---|
| Name and address where notices should be sent:<br>Vericrest Financial, Inc.<br>715 S. Metropolitan Ave.<br>Oklahoma City, OK 73108<br>Telephone number: 405-951-1799 | Filed on: 08/19/2011 |
| Name and address where payment should be sent (if different from above)<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the Debtor or trustee in this case |

1. Amount of Claim as of Date Case Filed: $ 21,704.40

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: Money Loaned
   (See instruction #2 on reverse side.)
3. Last four digit of any number by which creditor identifies debtor: 5202
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side)
4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if you claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff: ☒ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property: $ 0.00   Annual Interest Rate: 11.600 %

   Amount of arrearage and other charges as of time case filed included in secured claim,

   If any: $ 1,225.54   Basis for perfection: _____

   Amount of Secured Claim: $ 21,704.40   Amount Unsecured: $ 0.00

6. Credits: The amount of all payments on this claim has been credited to the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized states or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

8/24/2011   Joseph J. Vonnegut, 32974/Sarah D. Miranda, 29354
            Phone: (910) 864-2668

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507(a)(4).

☐ Contributions to employee benefit plan – 11 U.S.C. §507(a)(5)

☐ Up to $2,600* of deposits toward purchase, lease, or rental property or services for personal, family, or household use -11 U.S.C. §507(a)(7)

☐ Taxes or penalties owed to governmental units 11 U.S.C. §507(a)(8)

☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(_)
   Amount entitle to priority:

   $ 0.00

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

ADDENDUM TO PROOF OF CLAIM FOR:	Nathan Edward Keith
	NATHAN KEITH
	Rosalyn Evette Keith

BANKRUPTCY CASE NUMBER:	11-81005
LOAN NUMBER:	5202

ARREARAGES:

| | | |
|---|---|---|
| 4 Payment(s) @ 209.56 (03/11 - 06/11) | | $838.24 |
| Accrued Late Charges | | 117.30 |
| Property Preservation | | 120.00 |
| Legal Fee for case review, poc preparation and review | | 150.00 |
| **TOTAL ARREARAGE:** | | **$1,225.54** |

TOTAL INDEBTEDNESS:
| | |
|---|---|
| Principal Balance | $20,236.52 |
| Interest through June 22, 2011 | 1,080.58 |
| Accrued Late Charges | 117.30 |
| Property Preservation | 120.00 |
| Legal Fee for case review, poc preparation and review | 150.00 |
| **TOTAL INDEBTEDNESS:** | **$21,704.40** |

Effective July 1, 2011, the monthly mortgage payment amount is $209.56.
The interest rate is 11.600%.

**Please forward all payments to:**

Vericrest Financial, Inc.
715 S. Metropolitan Ave.
Oklahoma City, OK 73108

**Please forward all correspondence and court pleadings to:**

The Law Firm of Hutchens, Senter & Britton, P.A.
Post Office Box 2505
Fayetteville, NC 28302

Loan No: 5202
Property Address:
19 Meadowcrest Drive
Durham, NC 27703



WHEN RECORDED MAIL TO
Nationwide Title Clearing, Inc.
ATTN: Dusti Woodbury - CIT Unit
2100 Alt 19 North
Palm Harbor, FL 34683

Prepared by:
Elizabeth Newman

MIN: 100263195010857256

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST

| | | Lender Name and Address | THE CIT GROUP/CONSUMER FINANCE, INC. 5000 FALLS OF NEUSE ROAD SUITE 405-5000 N. PRK. BLD. RALEIGH, NC 27609 ("Lender") |
|---|---|---|---|
| TRUSTOR(S) Name(s) and Address(es) | ROSALYN EVETTE KEITH MARRIED NATHAN EDWARD KEITH NON-OBLIGOR SPOUSE/OWNER 19 MEADOWCREST DRIVE DURHAM, NC 27703 ("Borrower") | Beneficiary Name and Address | MERS P.O. Box 2026 Flint, MI 48501-2026 |

TRUSTEES NAME AND ADDRESS
CRAIG A WILLIAMSON 5000 FALLS OF NEUSE RD STE 405 RALEIGH NC 27609

| LOAN NUMBER | DATE 05/25/2006 | PRINCIPAL BALANCE $21,000.00 | FINAL PAYMENT DATE 05/30/36 |
|---|---|---|---|

Borrower owes Lender the principal sum shown in the Principal Balance box above. This debt is evidenced by Borrower's note dated the same date as this Deed of Trust ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on the Final Payment Date shown above. The beneficiary of this Deed of Trust is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, Tel. (888) 679-MERS. This Deed of Trust secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications; (b) the payment of all other sums, with interest, advanced under paragraph 2 to protect the security of this Deed of Trust; and (c) the performance of Borrower's covenants and agreements under this Deed of Trust and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in DURHAM County, North Carolina: SEE ATTACHED LEGAL DESCRIPTION 'EXHIBIT A'

which has the address of 19 MEADOWCREST DRIVE DURHAM,
(Street) (City)
North Carolina 27703 ("Property Address");
(Zip Code)

Together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Deed of Trust.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property. Borrower warrants that the lien created by this Deed of Trust is a valid and enforceable lien subordinate only to easements, liens and restrictions of record as of the date of this Deed of Trust, and that during the entire term of the indebtedness

SEE PAGES 2, 3, AND 4 FOR ADDITIONAL IMPORTANT TERMS

05/25/06  15:31  1933135
2-2138A (5/06) North Carolina Deed of Trust

Initial(s)  x R.K.  x NEK

secured by this Deed of Trust Borrower will not permit this lien to become subordinate to anything else. Borrower warrants and will defend the title to the Property against all claims and demands except such easements, liens and restrictions of record as of the date of this Deed of Trust.

Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Taxes-Liens-Insurance-Maintenance.** Borrower will pay, when they are due and payable, all taxes, liens or security titles (legal claims), assessments, obligations, water rates and any other charges against the Property, whether superior or inferior to the lien or security title of this Deed of Trust, including paying Lender any costs, including outside attorney's fees incurred by Lender in defending any lawsuit by prior or later lienholders or security title holders on the Property, maintain hazard insurance on the Property in Lender's favor in a form and amount satisfactory to Lender and maintain and keep the Property in good repair at all times during the term of this Deed of Trust pursuant to paragraph 4 below. If Borrower fails to maintain the Property in good repair, Lender may enter the Property and make those repairs necessary to maintain the Property in good repair. Lender may pay any such tax, lien or security title, assessment, obligation, water rates, premium or other charge necessary to maintain the Property in good repair, or any amount required to purchase such insurance in Lender's own name, if Borrower fails to do so. The amount Lender pays will be due and payable to Lender on demand, will bear an interest charge at the interest rate set forth in the Note secured by this Deed of Trust if permitted by law, or, if not, at the highest lawful interest rate, will be an additional lien or security title on the Property and may be enforced and collected in the same manner as the other obligations secured by this Deed of Trust. The insurance carrier providing the insurance referred to above will be chosen by Borrower subject to Lender's approval which will not be unreasonably withheld. All insurance policies and renewals must be acceptable to Lender and must include a standard mortgagee clause. Lender will have the right to hold the policies and renewals. If Lender requires, Borrower will promptly give to Lender all receipts of paid premiums and renewal notices. In the event of a loss, Borrower will give prompt notice to the insurance carrier and Lender. Lender may file a proof of loss if not made promptly by Borrower. Insurance proceeds will be applied to the restoration or repair of the Property damaged or, at Lender's option, the insurance proceeds will be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within ten (10) days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. The ten (10)-day period will begin when the notice is given.

3. **Application of Payments.** Unless applicable law provides otherwise, payments shall be first applied to any costs and expenses incurred under this Deed of Trust, then to interest then due and then to principal.

4. **Preservation and Maintenance of Property; Leaseholds.** Borrower shall not destroy, damage or substantially change the Property, allow the Property to deteriorate or commit waste. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease, and if Borrower acquires fee title to the Property, the leasehold and fee title shall not merge unless Lender agrees to the merger in writing.

5. **Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain the insurance in effect until such time as the requirement for the insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

6. **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

7. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the sums secured by this Deed of Trust shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the payments referred to in paragraph 1 or change the amount of such payments.

8. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

9. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Deed of Trust shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 15. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Deed of Trust but does not execute the Note: (a) is co-signing this Deed of Trust only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Deed of Trust; (b) is not personally obligated to pay the sums secured by this Deed of Trust; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent.

10. **Loan Charges.** If the loan secured by this Deed of Trust is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

11. **Legislation Affecting Lender's Rights.** If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Deed of Trust unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Deed of Trust and may invoke any remedies permitted by paragraph 16.

05/25/06 15:51 19331 SEE PAGES 1, 3, AND 4 FOR ADDITIONAL IMPORTANT TERMS
ROSALYN EVETTE KEITH
2-2133B
Initial(s) x R.K. x NEK

Case# 11-81005   Claim# 14-2 Part 2   Desc Attachment 1   Filed 08/25/11   Page 4 of 12
Case 11-81005   Doc 26-1   Filed 09/29/11   Page 5 of 13

12. **Notices.** Any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. Borrower requests that copies of any notices of default and sale be sent to Borrower's address which is the Property Address unless otherwise indicated on the front page of this Deed of Trust. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

13. **Governing Law; Severability.** This Deed of Trust shall be governed by North Carolina and applicable federal law. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Note are declared to be severable.

14. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Deed of Trust.

15. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

16. **Default.** If Borrower defaults in paying any part of the indebtedness secured by this Deed of Trust or if Borrower defaults in any other way, the entire unpaid principal and any accrued and unpaid interest thereon and any other amounts Borrower then owes under the loan secured by this Deed of Trust will become due, if Lender desires.

Lender may execute and record, in the Office of the Recorder of each county in which the Property or some part is located, a written notice of the default and Lender's election to sell the Property secured by this Deed of Trust. Lender may rescind the notice before the Trustee's sale by executing and recording a notice of rescission, which will cancel any prior notice of default and of any acceleration of the maturity of the indebtedness affected by any prior notice of default. Lender's rescission of a notice of default will not waive any existing or subsequent default nor impair Lender's right to execute any notice of default and election to cause the Property to be sold nor otherwise affect any of Lender's rights under this Deed of Trust.

After the time required by law following the recording of the notice of default has elapsed, the Trustee may give notice of sale as then required by law and, without demand on Borrower, sell the real estate at the time and place fixed in the notice of sale either as a whole or in separate parcels in whatever order the Trustee determines, at public auction to the highest bidder for cash. The Trustee may postpone the sale from time to time by making a public announcement at the original or previously postponed time and place of sale, and without further notice, the Trustee may make such sale at the time to which the sale may be so postponed.

The Trustee will deliver to the purchaser a Trustee's deed conveying the real estate sold, but without any covenant of warranty, express or implied. Any person, including Lender or Borrower, may bid at the sale and purchase the real estate. The proceeds of the sale will be applied by the Trustee first, to the payment of all fees and expenses of the Trustee and of this trust; second to all sums expended by Lender under the terms of this Deed of Trust which have not been repaid, with accrued interest at the amount allowed by law; third to all other sums secured by this Deed of Trust; and any remainder to the persons legally entitled to it.

Default under the terms of any instrument secured by a lien to which this Deed of Trust is subordinate shall constitute default hereunder.

17. **Lender in Possession.** Upon acceleration under paragraph 16 or abandonment of the Property, Lender (in person, by agent or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. Any rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust.

18. **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request the Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing debt secured by this Deed of Trust to the Trustee. Trustee shall reconvey the Property without warranty. The trustee or Lender may charge a fee for services rendered in connection with the preparation, execution or recordation of a reconveyance, or request for a reconveyance, to the extent allowed by law. Such person or persons shall pay any recordation costs.

19. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Deed of Trust is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

20. **Riders to this Deed of Trust.** If one or more riders are executed by Borrower and recorded together with this Deed of Trust, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust as if the rider(s) were a part of this Deed of Trust [Check applicable box(s)]

☐ Adjustable Rate Rider ☐ Condominium Rider ☐ 1-4 Family Rider

☐ Graduated Payment Rider ☐ Planned Unit Development Rider ☐ Manufacturing Housing Rider

☐ Request for Copy of Notice of Default ☐ Other(s) [specify]

21. **Trustee's Fees.** The Trustee shall be entitled to a commission of five percent (5%) of the gross proceeds of sale or the minimum sum of $750, whichever is greater, upon a completed foreclosure under this Deed of Trust. In the event foreclosure is commenced but not completed, Borrower shall pay all expenses incurred by Trustee and a partial commission computed on five percent (5%) of the outstanding indebtedness, or the above stated minimum sum, whichever is greater, in accordance with the following schedule: one-fourth(1/4) thereof before the Trustee issues a notice of hearing on the right to foreclosure; one-half(1/2) thereof after issuance of said notice; three-fourths (3/4) thereof after such hearing; and the full commission after the initial sale.

SEE PAGES 1, 2, AND 4 FOR ADDITIONAL IMPORTANT TERMS

ROSALYN EVETTE KEITH
05/25/00   15:31   1933135

2-2138C

Initial(s) x RK   x NEK

Case# 11-81005   Claim# 14-2 Part 2   Desc Attachment 1   Filed 08/25/11   Page 5 of 12
Case 11-81005   Doc 26-1   Filed 09/29/11   Page 6 of 13

By signing under seal below, Borrower accepts and agrees to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by Borrower and recorded with it.

_Rosalyn E Keith_ (Seal)                    _____ (Seal)
ROSALYN EVETTE KEITH    -Borrower                                    -Borrower

_____ (Seal)        _Nathan Keith_ (Seal)
                               -Borrower        NATHAN EDWARD KEITH      -Borrower
                                                                         NON-OBLIGOR SPOUSE/OWNER

_Wake_ COUNTY, NORTH CAROLINA

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated:

Date: 5/25/2006                           _Cathy A Northcutt_
                                                    Official Signature of Notary
                                                  Cathy A. Northcutt
(Official Seal)    My Commission expires: 11-9-2009       Notary's printed or typed name, Notary Public

### REQUEST FOR RECONVEYANCE

TO TRUSTEE:

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated: _____       _____

SEE PAGES 1, 2, AND 3 FOR ADDITIONAL IMPORTANT TERMS

2-2138D
05/25/06   15:31   1933135

# EXHIBIT A

BEING all of Lot 13 of Meadowcrest, Phase 1, as per plat and survey thereof now on file in Plat Book 127, Page 75, Durham County Registry, to which plat reference is hereby expressly made for a more particular description of the same.



WILLIE L. COVINGTON
REGISTER OF DEEDS, DURHAM COUNTY
DURHAM COUNTY COURTHOUSE
200 E. MAIN STREET
DURHAM, NC 27701

# PLEASE RETAIN YELLOW TRAILER PAGE

It is part of recorded document, and must be submitted with original for re-recording and/or cancellation.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Filed For Registration: | 05/31/2006 03:52:42 PM |
| Book: | RE 5227 Page: 996-1001 |
| Document No.: | 2006024279 |
| | D-T 6 PGS $26.00 |
| Recorder: | JENNIFER H SMITH |

2006024279

**PROMISSORY NOTE**

TRUE CERTIFIED COPY

| NAMES OF ALL BORROWERS | | | | LENDER: | | | |
|---|---|---|---|---|---|---|---|
| ROSALYN EVETTE KEITH | | | | THE CIT GROUP/CONSUMER FINANCE, INC. | | | |
| | | | | 5000 FALLS OF NEUSE ROAD | | | |
| | | | | SUITE 405-5600 N. PRK. BLD. | | | |
| 19 MEADOWCREST DRIVE | | | | RALEIGH, NC 27609 | | | |
| DURHAM, NC 27703 | | | | MIN: 100263195010857256 | | | |
| LOAN NUMBER | DATE | YEARLY INTEREST RATE (Agreed Rate of Charge) | DATE FINANCE CHARGE BEGINS TO ACCRUE | NUMBER OF PAYMENTS | DATE DUE EACH MONTH | DATE FIRST PAYMENT DUE | |
| 9501085725 | 05/25/06 | 11.600 % | 05/31/06 | 360 | 30th | 06/30/06 | |
| AMOUNT OF FIRST PAYMENT | AMOUNT OF OTHER PAYMENTS | | DATE FINAL PAYMENT DUE | | PRINCIPAL BALANCE | | |
| $ 209.56 | $209.56 | | 05/30/36 | | $ 21,000.00 | | |

This loan is secured by a Deed of Trust on the real property located at: _____
_____19 MEADOWCREST DRIVE DURHAM, NC 27703_____

The words "I," "me," "my" and "us" refer to all Borrowers signing this Note. The words "You" and "Your" refer to the Lender or the Lender's transferee if this Note is transferred.

**1. BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay the Principal Balance stated above (this amount is called "principal"), plus interest, to the order of the Lender. I understand that You may transfer this Note.

**2. INTEREST**
I will pay interest at the yearly interest rate shown above. Interest will be charged on the unpaid principal beginning on the date shown above in the Date Finance Charge Begins To Accrue box for the time actually outstanding and continuing until the principal has been paid in full.
The interest rate set forth above is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3. PAYMENTS**
(A) Time and Place of Payments
I will pay principal and interest by making payments every month. I will make my monthly payments on the same day of each month beginning on the date shown above in the "Date First Payment Due" box. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Unless applicable law provides otherwise, payments shall be first applied to any prepayment charges, then to any costs and expenses incurred hereunder or under the Deed of Trust securing this Note, then to interest then due and then to principal. If, on the "Date Final Payment Due" shown above, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date." I will make my monthly payments at your address shown above or at a different place if required by You.

(B) Amount of Monthly Payments
Each of my monthly payments will be in the amount shown above in the "Amount of Other Payments" box except my first payment will be in the amount shown above in the "Amount of First Payment" box.

**4. BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of principal before they are due. Any payment made before it is due is known as a "prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment." If I make a partial prepayment, there will be no changes in the amounts of my monthly payments unless You agree in writing to those changes. I may make a full or partial prepayment at any time and will not be required to pay any interest which you have not yet earned. You earn any prepaid finance charge at the time the loan is made and no part of it will be refunded if I pay in full ahead of schedule.

**5. LOAN PURPOSE STATEMENT**
I confirm that the proceeds of this loan are intended by me for use primarily for personal, family or household purpose.

SEE PAGE 2 FOR ADDITIONAL IMPORTANT TERMS

I hereby acknowledge receipt of a completed and signed copy of this Note.
WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

*Rosalyn Evette Keith* _____ Borrower (Seal)
ROSALYN EVETTE KEITH

_____ Borrower (Seal)

_____ Borrower (Seal)

_____ Borrower (Seal)

05/25/06  15:13  1035135
2-2139A (12/05) North Carolina Note

### 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. You may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

### 7. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge

If a payment is more than 15 days late, I will be charged a late charge equal to 4% of the unpaid amount of the payment.

(B) Check Collection Charge

If I make a payment by check, negotiable order of withdrawal, share draft or other negotiable instrument and that instrument is returned or dishonored for any reason, I will pay you a check collection charge of $25.

(C) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, You may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount and any other amounts I then owe to You under this loan.

(D) Payment of Your Costs and Expenses

If You require me to pay immediately in full as described above, You will have the right to be paid back by me for all of Your costs and expenses in enforcing this Note to the extent not prohibited by applicable law. I agree to pay, to the extent allowed by law, reasonable fees, costs and expenses (including but not limited to reasonable attorneys' fees, court costs, and expenses incurred in connection with any bankruptcy proceedings) paid or incurred by You in connection with the collection or enforcement of this Note or in connection with enforcement or reconveyance of the Deed of Trust securing this Note, whether or not suit is filed.

### 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address on the other page or at a different address if I give You a notice of my different address.

Any notice that must be given to You under this Note will be given by mailing it by first class mail to You at the address shown on the other page or at a different address if I am given a notice of that different address.

### 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. You may enforce your rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require You to demand payment of amounts due. "Notice of dishonor" means the right to require You to give notice to other persons that amounts due have not been paid.

### 11. DEED OF TRUST

In addition to the protections given to You under this Note, a Deed of Trust dated the same date as this Note protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

### 12. GOVERNING LAW

This Note shall be governed by the laws of the State of North Carolina and any applicable federal law. In the event of a conflict between any provision of this Note and any federal or North Carolina state statute, law, or regulation in effect as of the date of this Note, the statute, law, or regulation shall control to the extent of such conflict and the provision contained in this Note shall be without effect. All other provisions of this Note will remain fully effective and enforceable.

SEE PAGE 1 FOR ADDITIONAL IMPORTANT TERMS

ROSALYN EVETTE KEITH
05/25/04    15:51    1933135

2-2119D

Case# 11-81005   Claim# 14-2 Part 2   Desc Attachment 1   Filed 08/25/11   Page 10 of 12
Case 11-81005   Doc 26-1   Filed 09/29/11   Page 11 of 13

C200906200530

SOSID: 0244169
Date Filed: 3/3/2009 4:35:00 PM
Elaine F. Marshall
North Carolina Secretary of State
C200906200530

## State of North Carolina
## Department of the Secretary of State
## APPLICATION FOR AMENDED CERTIFICATE OF AUTHORITY

Pursuant to §55-15-04 of the General Statutes of North Carolina, the undersigned corporation hereby applies for an Amended Certificate of Authority to transact business in the State of North Carolina and for that purpose submits the following statement.

1. The name of the corporation is: The CIT Group/Sales Financing, Inc.

2. The name the corporation is currently using in the State of North Carolina is:

   The CIT Group/Sales Financing, Inc.

3. The state or country of incorporation is: Delaware

4. The date the corporation was authorized to transact business in the State of North Carolina is:

   2/23/1989

5. This application is filed for the following reason (*complete all applicable items*):
   a. The corporation has changed its corporate name to:*

   Vericrest Financial, Inc.

   b. The name the corporation will hereafter use in the State of North Carolina is changed to:

   Vericrest Financial, Inc.

   c. The corporation has changed its period of duration to: N/A

   d. The corporation has changed the state or country of its incorporation to: N/A

6. Attached is a certificate attesting to the change, duly authenticated by the secretary of state or other official having custody of corporate records in the state of country of incorporation.

7. If the corporation is required to use a fictitious name in order to transact business in this State, a copy of the resolution of its board of directors, certified by its secretary, adopting the fictitious name is attached.

8. This application will be effective upon filing, unless a date and/or time is specified: _____

This the ____ day of February, 2009

The CIT Group/Sales Financing, Inc.
Name of Corporation

_____
Signature

Steven Michell, Senior Vice President
Type or Print Name and Title

NOTES:
1. Filing fee is $50. One executed original and one exact or conformed copy of this application must be filed with the Secretary of State.
2. * If the name of the corporation as changed is unavailable for use in North Carolina, indicate this fact and state the name the corporation wishes to use in North Carolina on 5b. (See NCGS §55-15-06)

CORPORATIONS DIVISION          P. O. BOX 29622          RALEIGH, NC 27626-0622

C200906200530

# Delaware
PAGE 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT THE SAID "THE CIT GROUP/SALES FINANCING, INC.", FILED A CERTIFICATE OF AMENDMENT, CHANGING ITS NAME TO "VERICREST FINANCIAL, INC.", THE TWENTY-FOURTH DAY OF FEBRUARY, A.D. 2009, AT 4:59 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF AMENDMENT IS THE SECOND DAY OF MARCH, A.D. 2009, AT 12 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CORPORATION IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE NOT HAVING BEEN CANCELLED OR DISSOLVED SO FAR AS THE RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT BUSINESS.

0595004  8320

090226261

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 7162023

DATE: 03-02-09